UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 03-25269 |
| | ) | |
| MARK E. DURBIN, | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | Adversary Proceeding No. 04-1076 |
| UNIVERSAL OIL, INC., | ) | |
| Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| MARK E. DURBIN, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION

On November 18, 2003, debtor filed his Chapter 7 petition. Plaintiff filed this adversary proceeding against debtor on February 23, 2004, asking the Court to determine some of debtor's debts to the plaintiff to be nondischargeable. Debtor filed his answer (Docket #9) on March 22, 2004, denying the allegations of false representations and breach of contract. In an order (Docket #15) dated October 19, 2004, the Court extended the deadline for dispositive motions until November 22, 2004, and ordered that any responses would be due 14 days after service. *Id.* Plaintiff tardily filed its motion for summary judgment (Docket #18) on November 24, 2004. Debtor has not filed any response. For the reasons that follow, plaintiff's motion for summary judgment is denied.

## DISCUSSION

The standards for a court to award summary judgment are contained in Fed. R. Civ. P. 56(c), as made applicable to bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. According to Civil Rule 56(c), a court shall render summary judgment

> if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996).

In its complaint, Plaintiff alleged Parma Municipal Court granted it judgment against debtor for $9,930.16. *See* Docket #1 at 2. Plaintiff alleged that it had business with debtor and that debtor agreed to pay all invoices from

2

Plaintiff. *Id.* Plaintiff alleged that these were false representations made by Defendant because "he had no intention to pay the aforementioned debt." *Id.* Plaintiff also stated that debtor breached its contract with plaintiff and that debtor's actions were "willful, malicious and with wanton disregard for his responsibilities to Plaintiff." *Id.* at 3. Plaintiff only included one piece of documentary evidence to support its claim: a "STATEMENT" that appears to be an account summary of their dealings with the debtor, with a total balance of $9,930.16. *See* Docket # 1 at Exhibit B.

In his answer (Docket #9), debtor admitted the $9,930.16 judgment from Parma Municipal Court, but he denied that this judgment arose from false representations or that he incurred the debt with "no intention to pay." *Id.* at 1 & 2. He also denied that his actions were "willful" or "malicious." *Id.* at 2.

Plaintiff filed his motion for summary judgment without any further evidence. *See* Docket #18. Plaintiff argued that the scheduled debt was not disputed and asked that the Court find the debt nondischargeable. *Id.*

Generally, debts are discharged through bankruptcy unless they fit within well defined exceptions to the discharge. In its complaint and summary judgment motion, Plaintiff does not indicate what exception to discharge applies to this debt. Plaintiff did allege false representation and willful and malicious actions, so

3

presumably, Plaintiff alleges that the debt is nondischargeable under Sections 523(a)(2) or 523(a)(6). Debtor, however, denied Plaintiff's allegations, and Plaintiff has not submitted any evidence to support its allegations of false representations or willful and malicious actions. Thus, summary judgment is denied because material facts are in dispute.

## CONCLUSION

Based on the foregoing, the Court concludes that Plaintiff has failed to establish that it is entitled to summary judgment. A separate order shall be entered in accordance with this Memorandum of Decision.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge