# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 03-25269 |
| MARK E. DURBIN,<br>    Debtor. | Chapter 7 |
| | Adversary Proceeding No. 04-1076 |
| UNIVERSAL OIL, INC.,<br>    Plaintiff, | Judge Arthur I. Harris |
| v. | |
| MARK E. DURBIN,<br>    Defendant. | |

## MEMORANDUM OF OPINION

This adversary proceeding is currently before the Court on the plaintiff's second unopposed motion for summary judgment (Docket #25). For the reasons that follow, this second unopposed motion is also denied.

## BACKGROUND AND PROCEDURAL HISTORY

On November 18, 2003, debtor filed his Chapter 7 petition. Plaintiff filed this adversary proceeding against debtor on February 13, 2004, asking the Court to determine a debt owed to the plaintiff to be nondischargeable. Debtor filed his answer (Docket #9) on March 22, 2004, denying the allegations of false representations and breach of contract. On October 19, 2004, the Court entered an order (Docket #14) granting the motion to withdraw as counsel for debtor. The debtor is representing himself, as the docket reflects that no new counsel has

entered an appearance on behalf of the debtor. Plaintiff filed its first motion for summary judgment (Docket #18) on November 24, 2004. Debtor did not file a response. In an order dated December 13, 2004 (Docket #20), this Court denied plaintiff's first motion for summary judgment because plaintiff failed to submit any evidence to support its allegations of debtor's fraudulent or willful and malicious acts. On January 24, 2005, plaintiff again moved for summary judgment, and again debtor did not file a response.

DISCUSSION

The Court has jurisdiction in this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and Local General Order No. 84, entered on July 16, 1984, by the United States District Court for the Northern District of Ohio. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

*Summary Judgment Standard*

The standards for a court to award summary judgment are contained in Fed. R. Civ. P. 56(c), as made applicable to bankruptcy adversary proceedings by Rule 7056 of the Federal Rules of Bankruptcy Procedure. According to Civil Rule 56(c), a court shall render summary judgment

2

if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The party moving the court for summary judgment bears the burden of showing that "there is no genuine issue as to any material fact and that [the moving party] is entitled to judgment as a matter of law." *Jones v. Union County*, 296 F.3d 417, 423 (6th Cir. 2002). *See generally Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In determining the existence or nonexistence of a material fact, a court will view the evidence in a light most favorable to the nonmoving party. *See Tennessee Department of Mental Health & Mental Retardation v. Paul B.*, 88 F.3d 1466, 1472 (6th Cir. 1996). *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

*The Allegedly Nondischargeable Debt*

In its complaint, plaintiff alleged Parma Municipal Court granted it judgment against debtor for $9,930.16. *See* Docket #1 at 2. Plaintiff alleged that it had engaged in business with debtor and that debtor agreed to pay all invoices from plaintiff. *Id.* Plaintiff alleged that these were false representations made by

3

debtor because "he had no intention to pay the aforementioned debt." *Id.* Plaintiff also stated that debtor breached its contract with plaintiff and that debtor's actions were "willful, malicious and with wanton disregard for his responsibilities to Plaintiff." *Id.* at 3. Plaintiff included one piece of documentary evidence to support its claim: a "STATEMENT" that appears to be an account summary of its dealings with the debtor, with a total balance of $9,930.16. *See* Docket # 1 at Exhibit B.

In his answer (Docket # 9), debtor admitted the $9,930.16 judgment from Parma Municipal Court, but he denied that this judgment arose from false representations or that he incurred the debt with "no intention to pay." *Id.* at 1 & 2. He also denied that his actions were "willful" or "malicious." *Id.* at 2.

In the renewed motion, plaintiff has attached an affidavit from an officer of the plaintiff corporation stating that (1) the judgment amount of $9,930.16 is the correct amount of debt owed, (2) debtor testified under oath at the December 17, 2004, meeting of creditors that he has not had income since March 2003, and debtor further testified that he lost his trucks to his ex-wife in their divorce settlement, (3) debtor continued to purchase oil from the plaintiff for trucks that no longer belonged to him "constituting fraud" and (4) debtor has refused to pay the debt and has misled and perpetrated fraud in transactions with the plaintiff

4

corporation.

Generally, debts are discharged through bankruptcy unless they fit within well defined exceptions to the discharge. Exceptions to discharge are strictly construed against creditors. *Rembert v. AT & T Universal Card Servs., Inc., (In re Rembert)*, 141 F.3d 277, 281 (6th Cir. 1998), *cert. denied,* 525 U.S. 978 (1998).

In its complaint, plaintiff does not indicate what exception to discharge applies to this debt. However, in its renewed motion, plaintiff alleges the debt should not be discharged based upon the fraud exception to discharge found in 11 U.S.C. § 523(a)(2)(A) and any other subsection of 523(a) that may apply. Because plaintiff also alleges debtor's bankruptcy filing was a "willful and malicious" act to forego payment of the judgment debt, (Docket #25 at 3-4) the Court will also review the renewed motion under the standards of § 523(a)(6).

Section 523 addresses exceptions to discharge and provides, in part,

> (a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt--
> * * *
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--
>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> * * *
> (6) for willful and malicious injury by the debtor to

5

another entity or to the property of another entity.

11 U.S. C. § 523(a)(2)(A) and § 523(a)(6).

*Section 523(a)(2)(A)*

In order to establish that a debt is nondischargeable under § 523(a)(2)(A), a creditor must prove the following elements: 1) the debtor obtained money through a material representation that, at the time, the debtor knew was false or made with gross recklessness as to its truth; 2) the debtor intended to deceive the creditor; 3) the creditor justifiably relied on the false representation; and 4) its reliance was the proximate cause of loss. *Rembert v. AT & T Universal Card Servs., Inc., (In re Rembert)*, 141 F.3d 277, 280-81 (6th Cir. 1998), *cert. denied*, 525 U.S. 978 (1998).

Here, in order to succeed on its renewed motion, the plaintiff is required to show that the debtor obtained fuel from the plaintiff through a material misrepresentation, and the debtor knew at the time of this misrepresentation that it was false. The plaintiff must also provide evidence that the debtor intended to deceive the plaintiff, plaintiff justifiably relied on debtor's misrepresentation, and the plaintiff's reliance was the cause of the loss.

The only matter not in dispute is that the judgment debt of $9,930.16 is a prepetition debt owed to the plaintiff. The debtor, in his answer, denied all other

6

allegations of fraud, misrepresentation, willful and malicious acts and incurring the debt "with no intention to pay." See, answer (Docket # 9).

Therefore, the plaintiff bears the burden of showing there is no genuine issue of material fact and is entitled to judgment under the requirements of § 523. The affidavit is the only source of evidence submitted by plaintiff and provides that (1) the debtor testified at the December 17, 2003, meeting of creditors that he had no income since March 2003, and he had "lost all of his trucks to his ex-wife in their divorce settlement" and (2) that the debtor "continued to purchase fuel for the trucks that no longer belonged to him, constituting fraud."

Under Rule 56(e), "[s]upporting and opposing affidavits shall be made on personal knowledge" and "shall set forth such facts as would be admissible in evidence." The Sixth Circuit "has long held that '[m]ere conclusory and unsupported allegations, rooted in speculation, do no meet that burden.' " *Bell v. Ohio State University*, 351 F.3d 240, 253 (6th Cir. 2003)(quoting *Bryant v. Commonwealth of Kentucky*, 490 F.2d 1273, 1274 (6th Cir. 1974)).

The affidavit here fails to provide facts related to any misrepresentations made by the debtor *at the time the fuel was purchased*. This is a critical element to be satisfied for relief under § 523(a)(2)(A). Indeed, the payment records attached to the complaint and referred to in the affidavit indicate that a payment

7

was made on the account on April 1, 2003. Complaint at Exhibit B. This raises a genuine issue of material fact as to whether the debtor's intention *at the time the fuel was purchased* was never to repay the debt. There are also genuine issues of material fact with respect to the element of reasonable reliance. According to allegations in the complaint, plaintiff was already aware that there were problems with the continuation of the debtor's business in the Spring of 2003 and that the spouse or ex-spouse of the debtor would be operating the business. Complaint at ¶¶ 8-11. In fact, the complaint alleges that the debtor's former spouse agreed to pay the invoices along with the debtor. *Id.* at ¶ 10. Thus, genuine issues of material fact remain as to whether the debtor intended to deceive the plaintiff and whether the plaintiff reasonably relied on any alleged misrepresentations.

*Section 523(a)(6)*

The party contesting the dischargeability of a debt under § 523(a)(6) has the burden of proving, by a preponderance of the evidence, that the debtor's conduct was willful and malicious. *Grogan v. Garner*, 498 U.S. 279, 291 (1991). From the plain language of the statute, the debt must be for an injury that is both willful *and* malicious. *See In re Markowitz,* 190 F.3d 455, 463 (6th Cir. 1999); *In re Trantham,* 304 B.R. 298, 306 (B.A.P. 6th Cir. 2004).

The United States Supreme Court has held that a debt is nondischargeable

under 11 U.S.C. § 523(a)(6) if it results from an act with "intent to cause injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). The Sixth Circuit has held "that unless 'the actor desires to cause consequences of his act, or ... believes that the consequences are substantially certain to result from it' . . . he has not committed a 'willful and malicious injury' as defined under § 523(a)(6)." *In re Markowitz*, 190 F.3d at 464 (quoting RESTATEMENT (SECOND) OF TORTS § 8A, at 15 (1964)). *Accord In re Kennedy*, 249 F.3d 576, 580 (6th Cir. 2001). "Malicious" for purposes of § 523(a)(6) is said to occur when a person acts "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Trantham,* 304 B.R. at 308, *quoting Wheeler v. Laudani,* 783 F.2d 610, 615 (6th Cir. 1986).

Whether a debtor acted both willfully and maliciously requires an examination of the debtor's state of mind at the time of the incident. "However, as a debtor will rarely, if ever, admit to acting in a willful and malicious manner for purposes of § 523(a)(6), both requirements can be inferred through the circumstances surrounding the injury at issue." *In re Sintobin,* 253 B.R. 826, 831 (Bankr. N.D. Ohio 2000). *See also In re Sullivan,* 238 B.R. 230, 238 n.15 (Bankr. D. Mass. 1999) (showing of a debtor's intent must necessarily be made through circumstantial evidence for willful and malicious injury discharge exception); *In*

9

re Hanes, 214 B.R. 786, 822 (Bankr. E.D. Va. 1997)(implied malice may be shown by the acts or conduct of the debtor in the context of his surrounding circumstances).

Examples of conduct satisfying the willful and malicious standard include: intentional infliction of emotional distress, *see In re Moffitt,* 252 B.R. 916 (B.A.P. 6th Cir. 2000); arson, *see In re Lopez,* 292 B.R. 570, 577(E.D. Mich. 2003); knowingly depositing counterfeit check with intent to deceive, *see In re Corner,* 299 B. R. 462, 465 (Bankr. S.D. Ohio 2003); and deliberately vandalizing premises, *see In re Sintobin,* 253 B.R. 826 (Bankr. N.D. Ohio 2000).

The Court finds that the plaintiff has failed to establish under Rule 56 that the debtor's conduct was both willful and malicious. For example, the affidavit offers only the conclusory statement that the debtor "has misled and perpetrated fraud in transactions with [the] company." Simply put, the affidavit fails to contain any information whatsoever that the debtor acted with the desire and certainty that he would cause the economic loss to the creditor.

## CONCLUSION

For the foregoing reasons, plaintiff has failed to establish that it is entitled to summary judgment under Bankruptcy Rule 7056 and Rule 56 of the Federal Rules of Civil Procedure. A separate order shall be entered in accordance with this Memorandum of Opinion.

IT IS SO ORDERED.

*[signature]*

Arthur I. Harris
United States Bankruptcy Judge